NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HADIS NAFAR, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOLLYWOOD TANNING SYSTEMS, INC.,<br><br>Defendant. | Hon. Dennis M. Cavanaugh<br><br>**OPINION**<br><br>Civ. No. 06-3826 (DMC) (JAD) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Plaintiff's motion under Federal Rule of Civil Procedure 54(b) to certify as a final judgment a June 30, 2010 order issued by this Court so that Plaintiff can immediately appeal. No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, Plaintiff's motion is denied.

### I. BACKGROUND[1]

Defendant is the franchisor of a chain of tanning salons. Plaintiff purchased monthly memberships from Defendant for almost a year beginning in April 2005. On June 21, 2006, Plaintiff filed the present Complaint on behalf of herself and all other individuals who purchased indoor tanning services from Defendant alleging: (1) violation of the New Jersey Consumer Fraud Act

---

[1] The facts in the Background section have been taken from the parties' submissions and the Court's prior decisions in this case.

("CFA"), (2) fraud, (3) unjust enrichment, and (4) breach of warranty. Defendant moved for judgment on the pleadings on September 5, 2006, asking this Court to find that Plaintiff's consumer fraud claims were largely subsumed by the New Jersey Product Liability Act ("PLA") because they were based on an alleged failure to warn of the harms of indoor tanning. The Court denied the motion on April 5, 2007 and the Court proceeded to certify a nationwide class of Hollywood Tan customers. The certification order was subsequently vacated by the Third Circuit. A renewed certification motion is presently pending before this Court.

Upon remand on the certification issue, Defendant renewed its motion for partial judgment on the pleadings pointing to new New Jersey precedent that had been issued since the Court's April 5, 2007 Order. On June 30, 2010, the Court granted Defendant's renewed motion, largely based on the new authority, finding that Plaintiff's consumer fraud claims were indeed subsumed by the PLA.

Plaintiffs filed a Notice of Appeal on July 28, 2010. That appeal is being held in abeyance pending the outcome of the present motion for certification.

## II. RELEVANT LAW

Rule 54(b) provides that: "When an action presents more than one claim for relief . . . or when more than one party is involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Thus, certifying a final decision under this rule requires a court to find that (1) there has been a final judgment, and (2) there is no just reason for day. Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 202 (3d Cir. 2006). The Third Circuit has delineated five factors that courts

should consider when assessing whether there is "just reason for delay":

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Id. at 203 (quoting Allis-Chalmers Corp. v. Philadelphia Elec. Co., 521 F.2d 360, 364 (3d Cir. 1999). Courts have placed particular emphasis on the first factor. See, e.g., Amboy Bancorporation v. Jenkens & Gilchrist, No. 02-CV-5410 (DMC), 2009 WL 4117355, *2 (D.N.J. Nov. 18, 2009) ("[W]hen pending claims share supporting facts with those claims for which a party seeks certification, certification for review is inappropriate because it may potentially result in the inefficient use of the reviewing courts' resources.").

### III. DISCUSSION

There is no dispute that the June 30, 2010 order is final with respect to the claims resolved therein. The Court, then, must determine whether "there is no just reason for delay." Berckeley, 455 F.3d at 202. For the reasons set forth below, entry of final judgment is not appropriate.

Plaintiffs essentially concede that there is a strong relationship between the adjudicated and unadjudicated claims. Pl.'s Br. 3 ("There is an interplay and overlap between the adjudicated and the unadjudicated claims."). Plaintiffs note that

> The claims under the [CFA] that are not based solely upon failure to warn are closely related to the consumer fraud claims based upon failure to warn, because both aspects of the consumer fraud claim revolve around the known carcinogenic dangers of indoor ultraviolet tanning, what [Defendant] knows about those established dangers, and what it represented (and failed to represent) to the American

public about the dangers.

Pl.'s Br. 3-4. They further point out that certain facts "implicate the common question [in each claim] of whether Defendant has deceived customers," that both sets of claims are "based largely on the same evidence" and that "[t]he scientific evidence, and the evidence as to [Defendant's] knowledge of the scientific evidence, is as relevant to the affirmative misrepresentation aspect of the claim as it is to the failure to warn aspect." Id. at 3-5. Given the admitted interrelatedness of the claims, there is a strong chance that if the June 30 order were certified as final, some of same issues would inevitably reappear in subsequent appeals. In order to avoid piece-meal litigation, and repetitive appeals that drain judicial resources, the Court finds it appropriate to deny Plaintiff's motion.

## IV. CONCLUSION

For the reasons stated, Plaintiff's motion seeking final judgment with respect to the Court's Order and Opinion dated June 30, 2010 is denied.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date: March 2, 2011
Orig.: Clerk
cc: All Counsel of Record
Hon. Joseph A. Dickson, U.S.M.J.
File